```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                     CHARLESTON


JOSEPH PAUL YOUNG,

        Movant,

v.                                  CASE NO. 2:08-cr-00226
                                    CASE NO. 2:09-cv-01554

UNITED STATES OF AMERICA,

        Respondent.
```

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 54, "Motion"). By Standing Order, this action was referred to the undersigned for submission of proposed findings and recommendation for disposition.

Movant, Joseph Paul Young ("Defendant"), is currently incarcerated at the South Dakota State Penitentiary. On June 15, 2009, he was sentenced in this Court to serve 240 months in prison, upon his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a), to be followed by a three-year term of supervised release. (Judgment in a Criminal Case entered June 24, 2009, # 42.) He was also sentenced to pay restitution of $45,460.00 and an assessment of $100. Id. Defendant's direct appeal was dismissed as described below. United States v. Young, No. 09-4615 (4th Cir. Aug. 17, 2009).

The § 2255 Motion was filed with the Clerk on December 30, 2009 (# 54). Accordingly, Defendant's Motion was timely filed. On January 20, 2010, Defendant wrote a letter to Chief Judge Goodwin, raising another issue (# 58). At the court's direction, the United States filed a response (# 61). Defendant filed a traverse (# 62).

Facts of the Case and Procedural History

The facts are set forth in the Stipulation of Facts, which is part of Defendant's plea agreement.

> On August 19, 2008, at 9:24 a.m., Mr. Young walked into a branch of Summit Community Bank, Inc. ("Summit Bank") located at 2402 Mountaineer Boulevard, in Charleston. The deposits of Summit Bank are insured by the Federal Deposit Insurance Corporation. * * * Inside the Summit Bank branch, Mr. Young approached a teller and stated, "This is a robbery. Give me all your money." While the teller gathered United States currency, Mr. Young stated to another teller, "You too also give me all of your money." Both tellers began giving United States currency to Mr. Young. Mr. Young then stated to one of the tellers, "I want big bills." Mr. Young placed approximately $17,500 in United States currency in his pants pocket and exited the Summit Bank branch. Included among the United States currency Mr. Young took was one bundle of "bait money." Summit Bank had previously recorded the serial number of each bill in the bundle of bait money. Security cameras at the Summit Bank branch recorded video of Mr. Young's actions inside the bank.
>
> * * *
>
> [Information regarding August 20, 2008, a high-speed chase, and Defendant's flight on foot.]
>
> * * *
>
> On August 28, 2008, a Trooper with the Missouri State Highway Patrol stopped a red Dodge Shadow being driven 35 mph in a 70 mph zone by Mr. Young on Interstate 44 in Lawrence County, Missouri. On this date, Mr. Young possessed $16,850.14 in United States currency and coins.

>Included among the currency were two $100 bills and one $50 bill with serial numbers matching bills from the bundle of "bait money" Mr. Young took from the Summit Bank branch on August 19, 2008. The $16,850.14 in Mr. Young's possession on August 28, 2008 was what was left of the approximately $17,500 in United States currency Mr. Young took from the Summit Bank branch on August 19, 2008.
>
>Mr. Young robbed two other banks in West Virginia prior to robbing the Summit Bank branch. * * *
>
>During a period of several days ending on January 16, 2009, Mr. Young, while incarcerated in the South Central Regional Jail, used a metal object to scrape paint and mortar from a block in the wall of his cell. During this same period, Mr. Young used the same object to break and remove approximately one-third of the glass from his cell window. * * *

(# 29, at 11-14.)

The United States filed a complaint against Defendant on September 5, 2008 (# 1); a federal grand jury indicted him on October 21, 2008 (# 6). Defendant made his initial appearance on November 6, 2008, was arraigned and detained (## 11-14). Assistant Federal Public Defender Christian Capece represented Defendant throughout his case.

On April 8, 2009, Defendant entered his guilty plea pursuant to a plea agreement. (## 26-30.) The plea agreement includes a provision that recognizes the parties' disagreement on whether Defendant should receive a two-level enhancement for obstruction of justice, and their intention to present evidence and argument on the point at sentencing. (# 29, at 6.) The agreement also sets forth the following:

3

> 12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Both Mr. Young and the United States may seek appellate review of a ruling by the District Court regarding the application of a two-level enhancement for obstruction of justice under USSG § 3C1.1. Nonetheless, Mr. Young knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 32, before consideration of acceptance of responsibility. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to an adjusted offense level 34, before consideration of acceptance of responsibility.
>
> Mr. Young also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

Id. at 6-7. Sentencing occurred on June 15, 2009 (# 37), and judgment was entered on June 24, 2009 (# 42).

Defendant's counsel filed a notice of appeal on July 1, 2009 (# 44). On August 17, 2009, his counsel filed a motion to dismiss appeal. United States v. Young, No. 09-4615 (4th Cir., docket # 13.) Counsel also filed a "Consent to Voluntary Dismissal of Appeal," signed by Defendant and dated August 11, 2009, which reads

as follows:

> I, Joseph Paul Young, after consultation with counsel, consent to the voluntary dismissal of my appeal from the judgment order sentencing me to a term of 240 months in prison and three years of supervised release entered in this action on June 23, 2009.

Id. # 14. The Fourth Circuit granted the motion and dismissed the appeal, as noted above.

Grounds for Relief and Positions of the Parties

Defendant raises the following grounds for relief:

Ground one: Ineffective assistance of counsel; false statement by counsel to defendant. Defendant repeatedly asked counsel to look at possible false evidence involving the "bait money." In which counsel stated his office was seeking an expert to identify a possible second typewriter. [The expert was never obtained leading to a false statement by counsel to defendant.] Phone conversations recorded by defendant to defendant's family. Specifically wanted counsel to test this evidence.

Ground two: Ineffective assistance of counsel (present evidence) resulted in loss of three point reduction for acceptance of responsibility. During pretrial/pre-sentence, defendant asked counsel to conduct a test of evidence (small piece of metal) against a jail window to determine if it could chip, crack, or make a birds eye. Again counsel's statement to defendant stated that he would. Only to later change his position. Stating it wouldn't change any outcome. Jermyn v. Horn, 266 F.3d 257, 309 (3rd Cir. 2001), counsel's failure to present evidence.

Ground three: Ineffective assistance of counsel [mitigating facts]. Smith v. Stewart, 241 F.3d 1191, 1200 (9th Cir. 2001).[1] Counsel's failure to prepare defense and call witnesses prejudiced defendant. Asking a medical surgeon to testify [to] the significance of the

---

[1] The Court notes that the Supreme Court reversed this case. Stewart v. Smith, 536 U.S. 856 (2002).

5

> injury the defendant sustained while in federal custody. <u>Pavel v. Hollins</u>, 261 F.3d 210, 216 (2d Cir. 2001).
>
> Ground four: Ineffective assistance of counsel. By threatening defendant counsel would withdraw. Counsel listened to recorded phone conversations turned over by the government. By defendant to defendant's family where defendant clearly stated counsel was ineffective. Counsel then coerced defendant into a signed letter by stating if his office did not receive this signed letter, he would withdraw as counsel, leaving defendant defenseless. This letter was coaxed and involuntary written because defendant feared he would be defenseless.

(# 54, at 4-12.) In his letter to Chief Judge Goodwin, Defendant alleges the following:

> While incarcerated at the Minnehaha County Correctional Facility, Minnehaha County, Sioux Falls, South Dakota: On August 7, 2009, counsel Christian M. Capece contacted Defendant by telephone to express and apologize for his ineffectiveness, pointing out areas that he had failed. This same phone conversation counsel coaxed, cogent, and convinced Defendant into withdrawing from the appeal process. Under the Constitution of the United States of America, this is in direct violation of the Defendant's Sixth Amendment Rights.

(# 58.)

The United States' Response contends that Defendant has failed to provide any evidence that his counsel rendered constitutionally defective representation. (# 61, at 6-17.)

Defendant's Traverse refers to the provision in his plea agreement relating to the two-level enhancement for obstruction of justice, and argues that he was denied effective assistance of counsel on appeal when the enhancement was not challenged. (# 62, at 4.) He asserts that the enhancement should have been subject to a finding by a jury upon proof beyond a reasonable doubt. <u>Id.</u> at

6

5. Defendant also contends that he was denied effective assistance of counsel when his attorney convinced him to dismiss his appeal. Id. at 6.

In Defendant's original Motion, the relief sought is "acceptance of responsibility and mitigating factors for the severity of the lifelong injury substained [sic] while in federal custody."[2] (# 54, at 12.) In his Traverse, Defendant asks that counsel be appointed, an evidentiary hearing be held, and that his motion to vacate, set aside and correct sentence be granted. (# 621, at 7.)

Analysis

An appeal is a direct attack on a conviction or sentence; a § 2255 motion is a collateral attack on a conviction or sentence. Motions under 28 U.S.C. § 2255 "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). Based on this well-established principle, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 478 n.10 (1976). The Fourth Circuit held, in United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), that "[i]n order to collaterally attack a conviction or sentence based upon errors that

---

[2] On November 25, 2008, Defendant was assaulted by other inmates at South Central Regional Jail, resulting in extensive reconstructive surgery due to being punched repeatedly in the face. (Presentence Report, ¶¶ 79-80, at 19.)

7

could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."

To raise constitutionally-based grounds for relief in a § 2255 motion, a defendant has a "significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). He must meet the two-part "cause and actual prejudice" test. Id. at 167-68.

> To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

Id. at 168. If the defendant fails to meet the actual prejudice prong of the test, it is not necessary to address "cause." Id. Cause for a procedural default can arise only from "something external to the defense," such as the novelty of the claim or ineffective assistance of counsel. Mikalajunas, 186 F.3d at 493.

Defendant asserts that he was denied effective assistance of counsel when his attorney allegedly made a false statement regarding testing the bait money (ground one), failed to present evidence as to whether the damage to Defendant's jail window could have been caused by his use of a piece of metal (ground two), failed to present medical testimony concerning the injuries he

suffered while in custody (ground three), threatened to withdraw (ground four), coaxed Defendant into withdrawing his appeal (January 20, 2010 letter to Chief Judge Goodwin), and failed to object at sentencing to the obstruction of justice enhancement (Traverse).

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. Id. at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id. at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id. at 697. In the context of a case in which a defendant pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not stated in any of the documents he filed that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. For that reason alone, his allegations of ineffective assistance of counsel are lacking merit and his § 2255 Motion should be denied.

With respect to ground one, the undersigned proposes that the presiding District Judge **FIND** that Defendant waived his right to challenge the bait money when he entered his guilty plea, having signed the Stipulation of Facts, and thus he was not denied effective assistance of counsel in this regard.

With respect to ground two, the undersigned proposes that the presiding District Judge **FIND** that Defendant waived his right to challenge the enhancement for obstruction of justice (which right had been preserved in his plea agreement), when he consented to the

voluntary dismissal of his appeal, and thus he was not denied effective assistance of counsel in this regard.

With respect to ground three, the undersigned proposes that the presiding District Judge **FIND** that the injuries which Defendant suffered at the hands of fellow inmates while in custody were irrelevant to the criminal proceedings against him, and thus he was not denied effective assistance of counsel in this regard.  If Defendant believes that he has a claim against the United States in relation to those injuries, he must seek relief by filing an administrative claim against the United States Marshals Service pursuant to the Federal Tort Claims Act, and he will be subject to the various defenses which that agency may raise.

Ground four is not clear.  Defendant's assertion that his attorney stated that "if his office did not receive this signed letter, he would withdraw as counsel," appears to be a reference to the Consent to Voluntary Dismissal of Appeal which Defendant signed.  Other than the plea agreement, the Court is unaware of any other letter which Defendant signed.  However, Defendant's statement that he signed the Consent under duress because he feared being left "defenseless," is inconsistent with his ground for relief, because the dismissal of the appeal ended his defense.  It is unlikely that Defendant is referring to his plea agreement, because nowhere in his Motion or other documents is there a reference to a request to withdraw his plea.  In any event,

Defendant's signature on the Consent is ample evidence of his voluntary dismissal of his pending appeal. It is noteworthy that Defendant signed the Consent in August, 2009, and his Motion was filed more than four months later. For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel when he voluntarily dismissed his appeal.

Related to ground four is Defendant's contention that he was denied effective assistance of counsel when his attorney did not pursue his objection to the obstruction of justice enhancement. The undersigned notes that the Stipulation of Facts signed by Defendant includes information concerning two additional bank robberies in West Virginia for which Defendant could have been prosecuted. The plea agreement negotiated for Defendant by his attorney limited his exposure in West Virginia to one bank robbery, an exceedingly favorable outcome for him. It is apparent that Defendant was not prejudiced by his attorney's performance in his behalf. The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel when he voluntarily dismissed his appeal.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion and dismiss this action.

The parties are notified that this Proposed Findings and

Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Copenhaver.

13

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

November 9, 2010
    Date

Mary E. Stanley
United States Magistrate Judge