```
        UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

JOSEPH PAUL YOUNG,

    Movant

v.                    CIVIL ACTION NO. 2:09-1554
                      (Criminal No. 2:08-00226)

UNITED STATES OF AMERICA,

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is movant's motion to obtain grand jury transcripts ("motion for transcripts") pursuant to 28 U.S.C. § 753(f) filed May 31, 2011.

On December 27, 2010, the court entered its Judgment denying movant's motion pursuant to 28 U.S.C. § 2255.  Movant failed to appeal the Judgment.  On May 13, 2011, movant requested that the court, pursuant to Federal Rule of Criminal Procedure 51, consider as preserved an alleged error during his criminal case relating to false statements made in a report by an agent of the Federal Bureau of Investigation ("Rule 51 motion").  The court denied the Rule 51 motion, noting that provision was inapplicable under the circumstances.  It further observed that if movant wished to pursue a new trial, he was obliged to satisfy the substantive and procedural requirements of Rule 33.  The Rule 51 motion was, accordingly, denied.

Movant now asserts that he requires grand jury transcripts in order to aid the development of his agent falsification allegations.  He concedes that the FBI agent "may not have testified at the Grand Jury proceedings." (Mot. for Trans. at 2).  He seeks the transcripts solely on the speculative assumption that the FBI agent may have handled evidence or may have written reports that could have been presented to the grand jury.  (See id. (stating also "[i]t is the defenses [sic] position that items or reporting presented to the Grand Jury may be tainted by" the FBI agent).

The instant motion for grand jury transcripts is based upon 28 U.S.C. § 753(f), which provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).  In view of the recently decided section 2255 motion herein, movant's request is appropriately adjudicated according to the second sentence of that portion of section

753(f) reproduced above. So viewed, the transcript is unnecessary to decide the issue presented. That is so inasmuch as no "issue" is properly before the court. As noted, the Judgment was entered on movant's section 2255 motion on December 27, 2010. No appeal was taken. He also has not sought leave to file a second or successive section 2255 motion.

The court, accordingly, ORDERS that the motion for transcripts be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: July 1, 2011

John T. Copenhaver, Jr.
United States District Judge

3